# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| DAYNE ADENAUER WHITE | § | |
| TDCJ-CID  #1697328, | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION  NO. H-13-3067 |
| | § | |
| WILLIAM STEPHENS, | § | |
| Director, Texas Department of | § | |
| Criminal Justice, Correctional | § | |
| Institutions Division, | § | |
| Respondent. | § | |

## MEMORANDUM AND OPINION

The petitioner,  Dayne Adenauer White, Texas state inmate, challenges his 2011 state-court murder conviction and 62-year sentence, seeking habeas corpus relief under 28 U.S.C. §§ 2241 and 2255.  Based on the motion, the record, and the applicable law, the court grants summary judgment for the respondent and, by separate order, enters final judgment dismissing this case with prejudice. The reasons are explained in detail below.

## I.      BACKGROUND

A jury convicted White of murder.  (Cause Number 1225258,  178th District Court of Harris County, Texas).  The indictment included enhancement paragraphs alleging two prior felony convictions. The jury found that the enhancement allegations were true.  On February 15, 2011 the trial court sentenced White to a 62-year prison sentence.  The Texas Court of Appeals for the First District affirmed White's conviction and sentence.  *White v. State*, No. 01-11-00144-CR[1], 2012 WL

---

1  "CR" refers to the clerk's record of pleadings and documents filed with the trial court. "SHCR" refers to the state habeas court record by page number(s). "*RR*" refers to the reporter's record by volume and page number(s). The appellate court accidently included a copy of another case's clerk's record with the record for this case. CR after 114.

4465207 (Tex. App. - Houston [1st Dist.]  Sept. 27, 2012, pet. ref'd) (mem.op., not designated for publication).  The Texas Court of Criminal Appeals refused White's petition for discretionary review on March 6, 2013.  *White v. State*, No. PD-1567-12.

White filed a state application for a writ of habeas corpus in April 2013.  On July 10, 2013, the Texas Court of Criminal Appeals adopted the trial court's findings and denied the application without written order.  White filed this federal petition on September 25, 2013.  In his federal petition, White alleges the following grounds for relief:

1. The trial court violated White's constitutional rights by refusing to allow the defense to question a State's witness about her prior bad acts.

2. The trial court denied White a fair trial and the ability to impeach a witness by admitting a recording of a 9-1-1 call over the defense's hearsay objection.

3. The indictment was defective because White never received or signed a copy of the indictment alleging murder.

(Docket Entry No. 1).

The Texas Court of Appeals for the First District summarized the facts as follows:

> On March 11, 2009, Caesar Vaughn went to visit his friend, S. Bell, at the boarding house where she lived. [White] lived in a boarding house next door. He knew Bell and Vaughn. That morning, [White] and Vaughn spoke to one another at the  boarding house. [White] appeared to be angry and upset while speaking with Vaughn. [White] then left in his car. Bell and Vaughn went to the kitchen to make lunch.
>
> Vaughn was standing by the stove cooking pork chops over an open flame when [White] returned. Bell saw [White] standing in the kitchen door. She heard a sound similar to water splashing.  She then saw that Vaughn was on fire. Vaughn ran past Bell, and Bell's arm was burned. Vaughn ran to the backyard to extinguish the fire.

Bell saw [White] looking at Vaughn. [White] was smiling.  Bell also heard [White] say, "Now." [White] told Bell that he was "sorry," explaining "that wasn't for you." [White] then quickly left the house.

Vaughn and Bell waited outside the house for the ambulance to arrive. Bell asked Vaughn what substance [White] had thrown on him, and Vaughn responded that it was gasoline.

Vaughn and Bell were transported to the hospital. Bell's arm was treated, and she was released later that day.  Vaughn was admitted to the hospital. He had burns on 70 percent of his body.

In the afternoon, Effron Williams was driving his cab by a gas station located near the boarding house where the incident had occurred that morning. Williams saw a crowd and a television news crew at the station. In the crowd, Williams spotted Bell. Williams knew Bell. He and Bell had gone to school together. Williams stopped at the gas station to learn what was occurring.

[White] was also at the gas station. Williams got out of his  cab and stood near [White]. Williams overheard [White] talking to  a man. In response to what he heard [White] say, Williams called  911 on his mobile phone.

In his call to 911, Williams told the dispatcher that he was at the scene and had just heard [White] telling another man that [White] had thrown gasoline on Vaughn because Vaughn owed him $200. Williams also reported that he heard [White] say that he would burn anyone who told police that he was the one who had burned Vaughn.

Williams gave the dispatcher a physical description of [White]. He told her that, as he was on the phone, he saw [White] enter the boarding house. An officer was dispatched to the boarding house. [White] was taken to the police station to be interviewed.

Bell also told police investigators what she had witnessed.  She picked [White] out of a photo array.

Forensic analysis revealed that gasoline was present on the clothes Vaughn wore at the time he was burned. Gasoline was also detected in the kitchen of the boarding house and on a singed area in the backyard of the house.

Vaughn lived for seven days in the hospital before he died. An

autopsy showed that he died from complications related to his burn injuries.

*White*, 2012 WL 4465207, at \*\*1–2.

## II.    The Legal Standard

To obtain collateral relief under 28 U.S.C. § 2255, a defendant "must clear a significantly higher hurdle" than on direct appeal. *United States v. Frady,* 456 U.S. 152, 166 (1982). "Following a conviction and exhaustion or waiver of the right to direct appeal, [courts] presume a defendant stands fairly and finally convicted." *United States v. Cervantes,* 132 F. 3d 1106, 1109 (5th Cir. 1998).   "As a result, review of convictions under [§] 2255 ordinarily is limited to questions of constitutional or jurisdictional magnitude, which may not be  raised for the first time on collateral review without a showing of cause and prejudice." *Frady,*  456 U.S. at 16.   "The presumption of correctness not only applies to explicit findings of fact, but it also applies to those unarticulated findings which are necessary to the state court's conclusions of mixed law and fact." *Valdez v. Cockrell*, 274 F.3d 941, 948 n.11 (5th Cir. 2001).  AEDPA's deferential standard of review applies "so long as neither the reasoning nor the result of the state-court decision contradicts [Supreme Court precedent]." *Early v. Packer*, 537 U.S. 3, 8 (2002); *Richter*, 131 S. Ct. at 786.

## III.    Analysis

### A.    The Claim of the Trial Court Error in Evidentiary Rulings

In his first two grounds for relief, White contends that the trial court violated his constitutional rights by refusing to allow the defense to question a State's witness about her prior bad acts. Challenges to rulings based on state evidentiary rules or state law are not cognizable on federal habeas corpus review. *Wood v. Quarterman*, 503 F.3d 408, 414 (5th Cir. 2007); *Derden v. McNeel*, 978 F.2d 1453, 1458 (5th Cir. 1992).  A state court's evidentiary rulings present cognizable

4

habeas claims only if they violate specific constitutional right or make the trial fundamentally unfair. *Johnson v. Puckett*, 176 F.3d 809, 820 (5th Cir. 1999) (citing *Cupit v. Whitley*, 28 F.3d 532, 536 (5th Cir. 1994)). "The failure to admit evidence amounts to a due process violation only when the omitted evidence is a crucial, critical, highly significant factor in the context of the entire trial." *Johnson*, 176 F.3d at 821 (citing *Thomas v. Lynaugh*, 812 F.2d 225, 230 (5th Cir. 1987)). On federal habeas review of a state conviction, constitutional error is harmless unless it "had substantial and injurious effect or influence in determining the jury's verdict." *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993) (internal citations and quotation marks omitted). A petitioner is not entitled to habeas relief based on trial court error unless the error resulted in actual prejudice. *Id.* at 637.

White challenged the trial court's evidentiary rulings on direct appeal. Because the Texas Court of Appeals for the First District issued "the last reasoned opinion" on these issues, this court looks to that decision to determine whether the denial of these claims was contrary, to or an unreasonable application of, federal law. *See Ylst v. Nunnemaker*, 501 U.S. 797, 803 (1991).

1.      *White's First Ground for Relief:  Excluding Evidence of a Witness's Prior Bad                   Acts*

The First Court of Appeals ruled on White's first claim, as follows:

> In his first issue, appellant questions "whether the trial court erred when it denied appellant the opportunity to question eyewitness [Bell] regarding her experience with burning people."

> At trial, the State offered the testimony of S. Bell, the only eyewitness to the crime. On cross-examination, the defense asked Bell, "This isn't the first time though that someone's been hurt with boiling oil and fish around you, is it?" Bell responded, "Yes, it is." The State then objected. At the bench, the defense explained why it had asked the question, stating, "Judge, the apartment manager lady that [Bell] just talked about before this lady moved in was checking references and found out two incidents—I'm sorry—two incidences where this lady threw boiling water on someone and another time

threw boiling oil on someone." The State responded, "Your honor, I don't see how it's relevant at this point." The trial court sustained the State's relevancy objection. There was no further discussion regarding the line of questioning.

On appeal, appellant asserts that the testimony he sought to elicit from Bell was relevant because it supported his defensive theory that he did not commit the offense. Appellant states, "In questioning [S.] Bell, Appellant was seeking to offer evidence that the only witness to the alleged crime had been previously accused of a similar crime; to wit, throwing boiling water and/or hot oil on a person." Appellant continues, "Said proffered testimony was material as it was addressed to the material proposition that Appellant did not commit the crime. Said testimony was also probative in that it tended to make the existence of the fact that Appellant was not  the murderer more probable."

In short, appellant appears to assert that the excluded testimony would have allowed him to argue that it was Bell who threw the gasoline on Vaughn and set him on fire. For this reason, he asserts that it was relevant. See Tex. R. Evid. 401. Appellant does not acknowledge that relevant evidence may, nonetheless, be excluded pursuant to Rule of Evidence 403. See Tex. R. Evid. 403 (providing, "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, or needless presentation of cumulative evidence").

Alternate perpetrator evidence may be admitted to establish a defendant's innocence by showing that someone else committed the crime. *Wiley v. State*, 74 S.W.3d 399, 406 (Tex. Crim. App. 2002). Weak, speculative evidence that another person may have committed the crime is inadmissible and poses a great threat of confusing the issues in a trial. *See id.* at 406–07.

. . . . .

 . . . ."It is not sufficient for a defendant merely to offer up unsupported speculation that another person may have done the crime. Such speculative blaming intensifies the grave risk of jury confusion, and it invites the jury to render its findings based on emotion or prejudice." *Id.*

With these principles in mind, we turn to the record. Error may not

6

be predicated on a ruling that excludes evidence unless a substantial right of the party is affected, and the substance of the evidence was made known to the court by offer or was apparent from the context within which questions were asked. Tex. R. Evid. 103(a)(2). An offer of proof may be in question-and-answer form, or it may be in the form of a concise statement by counsel. *Warner v. State*, 969 S.W.2d 1, 2 (Tex. Crim. App. 1998). A concise statement for this purpose must include a reasonably specific summary of the evidence offered and must state the relevance of the evidence unless the relevance is apparent, so that the court can determine whether the evidence is relevant and admissible. *Id.* (citing *Love v. State*, 861 S.W.2d 899, 901 (Tex. Crim. App. 1993)). An informal bill will suffice as an offer of proof when it includes a concise statement of counsel's belief of what the testimony would show. *Love*, 861 S.W.2d at 901.

Here, appellant's statement to the trial court informed the court that the evidence appellant sought to elicit pertained to information obtained by Bell's land lady indicating that Bell had thrown boiling water and boiling oil on people. However, no specifics were given to the trial court regarding whether these were simply accusations or rumors or whether the information had been verified in some manner. Appellant gave no description of the circumstances surrounding the alleged incidences, including who was involved and how long ago they occurred.

With such little information regarding the alleged past conduct, the trial court could not have easily determined whether the excluded testimony regarding Bell, as the alleged alternative perpetrator, was sufficient, "on its own or in combination with other evidence in the record, to show a nexus between the crime charged and the alleged 'alternative perpetrator.'" *See Wiley*, 74 S.W.3d at 406. Given the record, we hold that the trial court did not abuse its discretion in sustaining the State's relevancy objection to appellant's question seeking to establish Bell as an alternate perpetrator.

*White*, 2012 WL 4465207, at **2–4.

White has failed to identify or submit evidence or law showing that the trial court's exclusion of the evidence violated his constitutional rights or resulted in actual prejudice.  White fails to present clear and convincing evidence rebutting the state court's presumptively correct factual findings or establishing that the appellate court's ruling was an objectively unreasonable application

of Supreme Court precedent. 28 U.S.C. §§ 2254(d), (e)(1). White's first ground for relief is denied.

2.    *White's Second Ground: The Claim of Trial Court Error in Admitting the Recording of the 911 Call*

The intermediate appellate court also rejected White's second claim, as follows:

> In his second issue, appellant contends that the trial court erred when it admitted the audiotape containing the recording of the 9–1–1 call made by Effron Williams on the day of the incident. The State authenticated the audiotape as a business record through C. Longoria, a custodian of records for the City of Houston Emergency Center. The State did not seek to publish the tape to the jury until it called Williams to testify. Appellant objected on the basis that the tape contained hearsay statements. Appellant did not contend that the tape was not properly authenticated as a business record. *See* Tex. R. Evid 901; *see also Montoya v. State*, 43 S.W.3d 568, 571 (Tex. App.—Waco 2001, no pet.) (holding 9–1–1 tape admissible in evidence because was properly authenticated by custodian of records). Rather, as he does on appeal, appellant complained that the following statements by Williams were inadmissible hearsay: (1) Williams's report that he heard appellant say that he burned Vaughn because Vaughn owed him $200 and (2) Williams's statement that he heard appellant say he would burn anyone who told police that he was the one who had burned Vaughn. The trial court overruled appellant's hearsay objections and admitted the audiotape into evidence.

> The trial court identified several bases for its ruling. Among those bases was the trial court's conclusion that the statements were not hearsay because they were statements by a party opponent, as defined in Rule of Evidence 801(e)(2). We agree.

> A statement is considered non-hearsay as an admission of a party-opponent under Rule 801(e)(2) if it is the party's own statement and it is offered against him. See Tex. R. Evid. 801(e)(2); *McNair v. State*, 75 S.W.3d 69, 72 (Tex. App.—San Antonio 2002, no pet.) ("Rule 801(e)(2)(A) plainly and unequivocally states that a criminal defendant's own statements, when being offered against him, are not hearsay."); see also *Trevino v. State*, 991 S.W.2d 849, 853 (Tex. Crim. App. 1999) (disavowing any precedent indicating that the statement of a party, when being offered against him, is hearsay). Here, the statements overheard by Williams at the gas station were made by appellant and were offered against him. Thus, the statements

8

> were admissions by a party-opponent. See 801(e)(2)(A). Appellant
> has not shown that the trial court abused its discretion when it
> admitted into evidence the audiotape containing the recording of
> Williams's call to 9–1–1.

*White*, 2012 WL 4465207, at **4–5.

White does not identify or present evidence or showing that the trial court's admission of the

9-1-1 call recording violated his constitutional rights or resulted in actual prejudice.  He has not

shown that the state court's decision to deny relief on this claim was contrary to, or an unreasonable

application of, Supreme Court Law.

As part of  his second claim, White contends that the witness, Effron Willliams, gave false

testimony because he thought he would get a reward.  On state habeas review, the court found that

this claim was procedurally barred on habeas review because it was based on the trial and could have

raised on direct appeal.  When a state habeas court explicitly relies on a procedural bar, the state

prisoner may not obtain federal habeas corpus relief without showing cause for the default and actual

prejudice, or that the federal court's failure to consider the claim will result in a miscarriage of

justice because the petitioner is actually innocent of the crime.  *Coleman,* 501 U.S. at 750; *Amos v.*

*Scott*, 61 F.3d 333, 338 (5th Cir. 1995) ; *Sawyer v. Whitley*, 505 U.S. 333, 339–40 (1992); *see Finley*

*v. Johnson*, 243 F.3d 215, 220 (5th Cir. 2001).  White has failed to show cause and prejudice or that

he is actually innocent.  This claim is procedurally barred.

Additionally, this claim is without  merit because White fails to show that the state court's

decision to deny relief was contrary to, or an unreasonable application of, Supreme Court precedent.

White is not entitled to relief on this claim. It is dismissed with prejudice.

## IV.    The Claim of a Defective Indictment

In his federal petition, White alleges that he never received a copy of the indictment

charging him with murder, but only an initial indictment alleging aggravated assault. This claim was not clearly raised in his habeas state petition. A state prisoner must exhaust his state court remedies before suing in federal court. 28 U.S.C. §2254 (b)(1)(A). To satisfy the exhaustion requirement, a claim must be "fairly" presented to the state's highest court for review. *Deters v. Collins*, 985 F.2d 789, 795 (5th Cir. 1993); *Richardson v. Procunier*, 762 F.2d 429, 431 (5th Cir. 1985); *see also Jones v. Jones*, 163 F.3d 285, 297–99 (5th Cir. 1998); *Picard v. Conner*, 404 U.S. 270, 275 (1971). A federal court claim must be the "substantial equivalent of one presented to the state courts to satisfy the 'fairly presented' requirement." *Whitehead v. Johnson*, 157 F.3d 384, 387 (5th Cir. 1998).

White's claim that the indictment is defective because he did not receive it was not clearly or fairly presented to the Texas Court of Criminal Appeals during direct appeal or state habeas proceedings. That denied the state courts a fair opportunity to address the allegation that White never received the murder indictment. The claim that White did raise and the state habeas court addressed was that the indictment was insufficient in alleging murder based on the fact that the victim did not die until the six days after he was doused with gasoline while cooking. White failed to object to the state court's construction of this claim or seek to clarify it. This claim is unexhausted. *Picard*, 404 U.S. at 275.

If White now presented the claim in another state habeas application, the claim would be procedurally barred. *Neville v. Dretke*, 423 F.3d 474, 480 (5th Cir. 2005); Tex. Code Crim. Proc. 11.07 § 4 (Vernon's 2008). White may not obtain federal habeas corpus relief unless he shows cause for the default and actual prejudice attributable to it, or that this court's failure to consider the claim will result in a miscarriage of justice because White is actually innocent of the murder. *Coleman v. Thompson*, 501 U.S. at 750; *Amos v. Scott*, 61 F.3d at 338. *Sawyer v. Whitley*, 505 U.S.

at 339-40; see *Finley v. Johnson*, 243 F.3d at 220.  White has failed to show cause and prejudice or that he is actually innocent.  This claim is procedurally barred.

Even assuming that this claim was exhausted,  it is without merit.  White's only support for his claim is a conclusory  assertion.  "Absent evidence in the record, a court cannot consider a habeas petitioner's bald assertions on a critical issue in his pro se petition (in state and federal court), unsupported and unsupportable by anything else contained in the record, to be of probative evidentiary value."  *Ross v. Estelle*, 694 F.2d 1008, 1011–12 (5th Cir. 1983) (citing *Woodard v. Beto*, 447 F.2d 103, 104 (5th Cir. 1971)).  The record states that when the murder indictment was read, White expressed no surprise and made no objection.  His claim that he did not receive a copy of the murder indictment is dismissed with prejudice.

## V.    Conclusion

The respondent's motion for summary judgment is granted.  (Docket Entry No. 17).  This case is dismissed with prejudice and final judgment is separately entered.  The motions for additional filings and hearings and for appointment of counsel, (Docket Entries No. 20 and 21), are denied as moot.

A certificate of appealability is denied. To obtain a certificate of appealability, a petitioner must make "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253 (c)(2); *Miller-El,* 123 S. Ct. at 1039; *Slack v. McDaniel,*  529 U.S. 473, 483 (2000).  To make such a showing, he must demonstrate that 'reasonable jurists could debate whether (or, for that matter, agree that ) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El,* 123 S. Ct. at 1039 (quoting *Slack,* 529 U.S. at 484).  When a procedural bar applies, the petition must show " at least, that jurists

11

of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack,* 529 U.S. at 484, 120 S. Ct. 1595. White has failed to make this showing, and no certificate of appealability will issue.

SIGNED on June 20, 2014, at Houston, Texas.

Lee H. Rosenthal
United States District Judge